IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROGER D. DABBS                                                                    PLAINTIFF

vs.                                      Civil No. 2:09-cv-02101

MICHAEL J. ASTRUE                                         DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Roger D. Dabbs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for SSI on August 7, 2007. (Tr. 91). Plaintiff alleged he was disabled due to back, knee and neck pain, gastritis, and depression. (Tr. 60, 108, 125). Plaintiff alleged an onset date of November 20, 2006. (Tr. 91). This application was initially denied on August 24, 2007 and was denied again on reconsideration on September 21, 2007. (Tr. 66, 72).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On October 3, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 58). The hearing was held on July 28, 2008 in Clarksville, Arkansas. (Tr. 11-52). Plaintiff was present and was represented by counsel, Iva Nell Gibbons, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David O'Neal testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-five (35) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a GED. (Tr. 16).

On October 9, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 58-65). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 31, 2007. (Tr. 60, Finding 1). The ALJ determined Plaintiff had the severe impairments of degenerative disc and joint disease. (Tr. 60, Finding 2). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 60, Finding 3).

In this decision, the ALJ also indicated she evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 61-64, Finding 4). The ALJ indicated she evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements of 20 C.F.R. § 416.929. (Tr. 61). The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 61, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC for light work.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 64). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 16-34, 47-50). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a bench inspector. (Tr. 64).

Considering his RFC, the ALJ determined Plaintiff was able to perform this PRW. (Tr. 64, Finding 5).

The ALJ also evaluated whether, considering his age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy. (Tr. 65). The VE testified at the administrative hearing regarding this issue. (Tr. 48-49). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a poultry deboner (6,000 such jobs in Arkansas and 140,000 such jobs in the national economy), and work as a security guard (6,000 such jobs in Arkansas and 996,000 such jobs in the national economy). (Tr. 48-49). Based upon this testimony, and the finding that Plaintiff was able to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 31, 2007 through the date of the decision or through October 9, 2008. (Tr. 65, Finding 6).

On October 21, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.984(b)(2). On June 25, 2009, the Appeals Council declined to review this determination. (Tr. 1-3). On August 12, 2009, Plaintiff appealed the ALJ's decision to this Court. (ECF No. 1). Both parties have filed appeal briefs. (ECF Nos. 7,12). The parties consented to the jurisdiction of this Court on September 21, 2009. (ECF No. 5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in her determination of Plaintiff's RFC; (C) the ALJ erred in treatment of Plaintiff's treating physician opinions; (D) the ALJ erred in his determination of Plaintiff's PRW; and (E) the ALJ erred in determining Plaintiff could perform work existing in the national economy. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) substantial evidence supports the ALJ's RFC determination; (C) the ALJ gave proper weight to the opinions of Plaintiff's treating physician; (D) The ALJ properly determined the Plaintiff's PRW; and (E) substantial evidence supports the ALJ's determination that Plaintiff can perform work existing in the national economy**.**

Because the Court finds the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain, only that claim will be addressed in this opinion. Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. The Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

5

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision, regarding Plaintiff's subjective complaints in the present action, is not supported by substantial evidence. Specifically, the ALJ failed to analyze and evaluate the Plaintiff's subjective complaints pursuant to *Polaski*. *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). A review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. It appears the ALJ discounted Plaintiff's complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322. This is not an appropriate analysis under *Polaski*. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis. The ALJ did not consider Plaintiff's daily activities and the fact that those limited daily activities support his claims of disability. The ALJ failed to consider Plaintiff's medication and side effects from the use of that medication. The ALJ also failed to consider the factors that aggravate Plaintiff's symptoms.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be

performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of July, 2010.**

>                              /s/   Barry A. Bryant
>                              HON. BARRY A. BRYANT
>                              U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, the other points of error raised by the Plaintiff in this appeal are not addressed.