IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROGER D. DABBS                                                                                    PLAINTIFF

vs.                                         Civil No. 2:09-cv-02101

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 15.[1]  Defendant has responded to this Motion and objects to the attorney's fee requested.  ECF No. 17.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this Order.

**1. Background:**

On August 12, 2009, Roger D. Dabbs ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act").  ECF No. 1.  On July 19, 2010, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.

On October 14, 2010, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 15.  With this Motion, Plaintiff requests an award of attorney's fees of $5,147.47, representing 32.80 hours of attorney work at an hourly rate of $156.00, plus expenses of $30.67.  ECF No. 15.  Defendant responded to this Motion on October 28, 2010 and objects to

---

[1] The docket numbers for this case are referenced by the designation "ECF No."

number of requested attorney hours. Defendant claims Plaintiff is only entitled to 19.2 hours of attorney work at an hourly rate of $156.00 and expenses of $30.67 for a total EAJA fee award of $3,092.20. ECF No. 17. Defendant also objects to an award of fees being paid to counsel and not Plaintiff. *See id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent

2

  of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

  The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. <u>Discussion:</u>**

  In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested. ECF No. 17. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

  Plaintiff requests a total award of $5,147.47 under the EAJA. ECF No. 15. Plaintiff requests these fees at a rate of $156.00 per hour for 32.80 hours of attorney work. *See id.* This hourly rate of $156.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. ECF No. 15-2. Therefore, this hourly rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of $156.00 per attorney hour.

Further, this Court has reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 15-6. Defendant objects to the hours requested as being excessive and suggests this Court reduce Plaintiff's requested fees by 11.90 hours. ECF No. 17. Defendant argues such a reduction is justified because this case involved a relatively simple legal issue. *See id.* Defendant also claims Plaintiff's fee request should be reduced because Plaintiff is improperly seeking compensation for 1.70 hours of "purely clerical tasks." *See id.* Defendant argues such compensation is not permitted under the EAJA. *See id.* Accordingly, Defendant seeks a total fee reduction of 13.60 hours (11.90 hours plus 1.70 hours) such that Plaintiff would be compensated for 19.20 hours of attorney work instead of 32.80 hours of attorney work. *See id.*

**A. "Excessive" Fees under the EAJA**

First, Defendant objects to Plaintiff's requested fee award because he claims it is excessive. ECF No. 17. Defendant claims Plaintiff's request for 22.90 hours for reviewing the administrative record and preparation of the appeal brief to be excessive and the time should be reduced to 11.00 hours. Second, Defendant claims Plaintiff's requested fee amount should be reduced by 1.70 hours because Plaintiff requests attorney's fees for work that required minimal time or should be considered clerical in nature. ECF No. 17.

This Court, however, is not inclined to arbitrarily reduce a plaintiff's requested fee award. With proper justification, a court can and should reduce a requested attorney's fee award. *See, e.g., Granville House, Inc. v. Dep't of Health, Educ. And Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (holding an attorney was "not entitled to compensation for the fifteen hours of work which could have been done by support staff"). The bare claim, however, that a plaintiff requests "excessive fees" is not such a proper justification for reducing a fee request. Defendant attempts to argue these fees are excessive by stating there were "no unique or complex issues developed in this particular

4

case" and "the transcript consisted of only 304 pages." ECF No. 17, Pgs. 1-2. Defendant also cites the opinion of the Honorable Judge James R. Marschewski in support of his argument that Plaintiff's requested fees should be reduced as excessive. *See Griffth v. Astrue,* 5:07-cv-05147, Doc. No. 14 (W.D. Ark. December 8, 2008).

After reviewing the *Griffth* case and Defendant's briefing, this Court finds Defendant's argument is not persuasive. Plaintiff's attorney is in the best position to know the amount of time that was needed in a particular case. Appeals from the denial of disability benefits by the SSA, such as the instant case and *Griffth* are very fact-specific, involve very different factual backgrounds, have different records to review, and raise distinct legal issues on appeal that are not necessarily raised in every case. Even if the legal issues are similar, the underlying administrative record in cases involving appeals from decisions of the SSA are always different in size and complexity. Comparing the time required to adequately review those records and brief such appeals will rarely result in similar cases for the purposes of the Court's attorney's fee analysis.

It is also important to note, however, that a plaintiff is not automatically entitled to all attorney's fees requested in a given case. This Court should review the fees requested to determine if the request should be considered "excessive" based upon the facts of each case. In this matter, the Court does not find Plaintiff's request for fees excessive.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No 15-6. This Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,147.47, representing 32.80 hours of attorney work at an hourly rate of $156.00, plus expenses of $30.67. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406 in order to prevent double recovery by the Plaintiff.

**B. Award to Counsel**

Defendant also objects to an award of EAJA fees to Plaintiff's attorney. ECF No. 17. Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010). ECF No. 17. In Plaintiff's Motion, Plaintiff requested that these attorney's fees be awarded to his attorney. ECF No. 15. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Ratliff,* 130 S. Ct. at 2525. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. *See id.* However, if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards $5,147.47 pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **30th day of December, 2010.**

                /s/   Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE